UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BICYCLE PEDDLER, LLC,

    Plaintiff,

v.                                      Case No.  6:13-cv-595-ORL-36TBS

Doe 35,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff, Bicycle Peddler, LLC's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference and Supporting Memorandum of Law (Doc. 2).  As grounds, Plaintiff alleges that it produced, marketed and distributed the animated motion picture titled "Trade of Innocents," (the "Movie"), and that it is the copyright owner of exclusive rights to the Movie under United States copyright law.  (Doc. 1 at ¶¶ 1, 23).  According to Plaintiff, Defendant Doe 35, acting in concert with others, utilized an interactive "peer-to-peer" file transfer technology protocol called BitTorrent to unlawfully reproduce and distribute the Movie. (Id. at ¶ 6). As a remedy, Plaintiff's complaint includes counts for direct and contributory copyright infringement.  (Doc. 1).

Plaintiff's motion includes the Declaration of Darren M. Griffin, an employee of Crystal Bay Cooperation CBC ("Crystal Bay").  (Doc. 2-1).  Plaintiff engaged Crystal Bay to identify direct infringers of Plaintiff's copyright to the Movie.  (Id. at 2-3). Crystal Bay has identified Doe 35's Internet Protocol ("IP") address, Internet Service Provider ("ISP"), and general location in the Middle District of Florida.  (Doc. 2 at 1, 2).

But, Crystal Bay has been unable to identify Doe 35. (Id.). According to Griffin, expedited discovery is necessary because the only information Plaintiff has with which to identify Doe 35 is the unique IP address the ISP assigned to Doe 35 when Doe 35 allegedly infringed Plaintiff's copyright. (Id. at 9). Griffin has testified that internet service providers have different policies concerning the length of time they preserve session data which identifies subscribers with some keeping the information for as little as seven to ten days. (Id.). Now, Plaintiff seeks leave of Court to serve a subpoena on the ISP to obtain Doe 35's identity.

Other courts, including courts in this District have authorized early discovery, before the FED. R. CIV. P. 26(f) conference, in other internet infringement cases. Patrick Collins, Inc. v. John Does 1-43, No. 2:12-cv-521-FtM-29SPC, 2012 WL 4513063 (M.D. Fla. Oct. 1, 2012); World Digital Rights, Inc. v. John Does 1-80, No. 2:12-cv-225-FtM-UASPC, 2012 WL 1623871 (M.D. Fla. May 9, 2012); Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011); Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012). Here, Plaintiff has made a prima facie showing: (1) of infringement; (2) that there is no other way to identify Doe 35; (3) that there is a risk the ISP will destroy its logs before the Rule 26(f) conference; (4) Plaintiff has specified the discovery it is seeking; (5) Plaintiff has demonstrated the need for the subpoenaed information to prosecute its claims; and (6) that Doe 35's expectation of privacy does not outweigh Plaintiff's need for the information it seeks. Patrick Collins, Inc., 2012 WL 4513063 at *1.

Accordingly, Plaintiff's motion is GRANTED and it is ORDERED that:

(1)  Plaintiff may serve the ISP with a FED. R. CIV. P. 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, email address and Media Access Control ("MAC") address of Doe 35, to whom the ISP assigned an IP address as set forth in Exhibit "A" to Plaintiff's motion.  Plaintiff shall attach a copy of this Order to any subpoena issued pursuant to this Order.

(2)  Plaintiff may also serve a Rule 45 subpoena in the same manner on any internet service provider that is identified in response to a subpoena or any informal inquiry, as a provider of internet services to Doe 35.

(3)  Any internet service provider that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5) shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to Doe 35.

(4) The subpoenaed internet service provider(s) shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed internet service providers require Plaintiff to pay a fee for an IP address that is not controlled by such internet service provider, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the internet service provider's internal costs to notify its customers.  If necessary, the Court will resolve any disputes between the internet service provider and Plaintiff regarding the reasonableness of the amount proposed to be charged by the internet service provider after the subpoenaed information is provided to Plaintiff.

(5) Should Doe 35 file any motion objecting to the disclosure of his or her identifying information, the internet service provider shall withhold Doe 35's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent Court Order authorizing the disclosure. The internet service provider shall retain Doe 35's identifying information, any records relating thereto, until such time as this case is resolved.

(6) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena issued pursuant to this Order for the purpose of protecting and enforcing Plaintiff's rights as alleged in its complaint in this case.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on April 18, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copy to Counsel